Eric J. Sinrod (SBN 122868)
Suzanne R. Fogarty (SBN 154319)
E.J. Kim (SBN 250062)
**DUANE MORRIS LLP**
One Market, Spear Tower, Suite 2200
San Francisco, CA 94105-1104
Telephone: 415.957.3000
Facsimile:  415.957.3001
E-Mail:    EJSinrod@DuaneMorris.com
           SRFogarty@DuaneMorris.com

Attorneys for Defendants and Counter-Claimants,
BILLING SOLUTIONS INCORPORATED, SEAN DUNLEA, TIM PORTLEY, DARIO J. SAAL, and SAAL CONSULTING INC.

Joshua A. Ridless (SBN 195413)
Eugene Y. Kim (SBN 253113)
**Ridless Law Office**
244 California Street, Suite 300
San Francisco, CA 94111
Telephone: 415.614.2600
Facsimile:  415.480.1398
E-Mail: jr@ridlesslaw.com
        ekim@ridlesslaw.com

Attorneys for Plaintiff and Counter-Defendants, TELSWITCH, INC., AARON WOOLFSON, JERRY MERKT, and MERKT-WOOLFSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TELSWITCH, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>BILLING SOLUTIONS INCORPORATED, an Illinois corporation, SEAN DUNLEA, an individual, TIM PORTLEY, an individual, DARIO J. SAAL, an individual, SAAL CONSULTING INC., a Florida corporation and DOES ONE THROUGH TWENTY, inclusive,<br><br>    Defendants. | Case No. CV 12 0172 EMC<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>ORDER RESETTING FURTHER CMC<br><br>Date:   November 9, 2012<br>Time:   10:30 a.m.<br>Dept:   5 – 17th Floor |
| BILLING SOLUTIONS INCORPORATED, an Illinois corporation, SEAN DUNLEA, an individual, and TIM PORTLEY, an individual,<br><br>    Counter-claimants,<br><br>    v.<br><br>TELSWITCH, INC., MERKT-WOOLFSON, AARON WOOLFSON, JERRY MERKT and ROES 1-50<br><br>    Counter-defendants. | |

Plaintiff and Counter-Defendant TelSwitch, Inc. ("TelSwitch") and Counter-Defendants Merkt-Woolfson, Aaron Woolfson and Jerry Merkt (collectively, "Plaintiff/Counter-Defendants) and Defendants and Counter-Claimants Billings Solutions, Inc. ("BSI"), Sean Dunlea, Tim Portley, Dario Saal and Saal Consulting (collectively, "Defendants/Counter-Claimants," and collectively with Plaintiff/Counter-Defendants, the "Parties") hereby submit this joint report.

**II.     PLAINTIFF/COUNTER-DEFENDANTS' STATEMENT**

### A. Plaintiff's Trade Secret Disclosure is Adequate

On September 6, 2012, Magistrate Judge Beeler held a discovery hearing on the adequacy of Plaintiff's trade secret disclosure under California Code of Civil Procedure § 2019.210. After hearing the arguments of the Parties, the court ordered that: (1) Plaintiff's trade secret disclosure is adequate, (2) the scope of Plaintiff's trade secret claim is limited to the precise database structure disclosed in the Entity Relationship Diagram submitted with the disclosure, and (3) the disclosure may not be amended. (Docket 48).

Plaintiff disputes Defendants' characterization that Judge Beeler's order somehow opines that "the ERD does not depict anything that can be considered a trade secret." Judge Beeler simply stated at the hearing (and reiterated in her order) that the ERD *standing alone* did not give her adequate insight into the scope of TelSwitch's claimed trade secret. That is, the ERD alone was insufficient to allay Judge Beeler's initial concern that TelSwitch might have been attempting to claim trade secret rights in the concept of relational databases generally. But with the clarification that the scope of TelSwitch's claim is limited to the precise database structure disclosed in the ERD,[1] Judge Beeler ruled that TelSwitch had adequately identified its trade secret claim.

### B. ADR

The Parties have agreed upon and set a date for early mediation with Judge Warren on November 27, 2012.

### C. Discovery

---

[1] TelSwitch previously offered to make this concession (i.e., limiting its trade secret claim to the precise database structure disclosed in the ERD) during the meet and confer process, but Defendants refused to accept this limitation of scope as sufficient to satisfy California Code of Civil Procedure § 2019.210 until Judge Beeler ordered that it was indeed sufficient.

At the previous case management conference on July 20, 2012, this Court ordered that written discovery shall be limited to narrowly tailored discovery necessary to facilitate mediation. (Docket 43). Defendants contested the adequacy of Plaintiff's trade secret disclosure and took the position that Plaintiff's trade secret misappropriation claim was not yet ripe for mediation. As a result, Plaintiff was unable to begin propounding discovery relating to its trade secret misappropriation claim until just recently, when Magistrate Judge Beeler ruled that Plaintiff's trade secret disclosure was adequate.

Plaintiff has served limited discovery requests and anticipates that Defendants' responses will identify additional parties who will need to be added to the action—specifically, Defendants' clients who have used BSI's BankVOD system, which was built around the trade secret database structure that Defendants misappropriated.

**D. Scheduling**

Plaintiff requests that the Court defer setting other dates until after the mediation with Judge Warren on November 27, 2012.

**II.   DEFENDANTS AND COUNTER-CLAIMANTS' STATEMENT**

**A. TelSwitch's Trade Secret Claim Fails As A Matter of Law**

At the hearing before Magistrate Beeler on September 6, 2012, TelSwitch conceded that it would limit the scope of its trade secret claims to the precise database structure disclosed in the ERD attached to its June 22, 2012 trade secret disclosure. (Transcript pg. 6:3-6) Based on that concession, which Magistrate Beeler described as a "big concession" (Transcript 15:12-14), she held that TelSwitch's disclosure was sufficient for purposes of California Code of Civil Procedure Code §2019.210 and that TelSwitch cannot amend its disclosure again. (Doc. 48)

The record makes it clear that Judge Beeler viewed TelSwitch's concession that its trade secret claim is limited to the "precise database structure depicted on its ERD" as "big" because the ERD does not depict anything that can be considered a trade secret. Magistrate Beeler said:

> And I see tables and fields that seem pretty generic; date, city, type; some that are most specific. I don't see anything in this that gives me any insight into why, standing alone, why this database structure is any kind of a trade secret… it's just a bunch of tables… And so, it's just -- it was very hard for me to conceptualize, based on this, why this

> database – was a trade secret. You know, what made it – so I was having a tough time just using common sense…

(Transcript pg. 3:24-4:12; 10:4-11)

Magistrate Beeler echoed her findings in her September 6, 2012 Order:

> The ERD has tables and fields that describe functions (some generic and obvious like "date," "city," or "type," and others that are more specific. But there is nothing about the ERD standing alone that explains what type of data is contained in particular tables and fields. Nor does the ERD distinguish between the configuration of tables, field, and joins that constitutes TelSwitch's claimed trade secret and those configurations that are commonly used in databases. Instead, the Disclosure states only that "we claim trade secrets in the database structure depicted by the ERD."

(Doc. 48, pg. 6:24-7:3)

Magistrate Beeler's opinions regarding TelSwitch's trade secret disclosure are consistent with the undisputed facts and law. Defendants intend to file a motion for summary judgment on TelSwitch's trade secret claim early in the litigation. Defendants believe that summary judgment on TelSwitch's trade secret claim will resolve most of TelSwitch's other claims as well based on preemption or other grounds. Defendants, however, respectfully request that the Court allow them to file a subsequent summary judgment motion if there are any remaining issues left to be resolved.

**B. ADR**

The Parties have agreed upon and set a date for early mediation with Judge Warren on November 27, 2012.

**C. Discovery**

BSI has served initial written discovery on TelSwitch. BSI recently discovered that TelSwitch's document production is incomplete and does not include many relevant emails sent by its principal Aaron Woolfson, among other things. BSI has sent a meet and confer letter asking TelSwitch to supplement its production to include all relevant responsive documents that it committed to produce in its written discovery responses. If TelSwitch does not cure the defects with its production, BSI intends to raise the issue with the Court, if necessary.

**D. Scheduling**

Defendants and Cross-claimants agree that the Court should defer setting other dates until

after the mediation with Judge Warren on November 27, 2012.  However, if the case is not resolved, Defendants and Cross-Complainants will request an early trial.

RIDLESS LAW OFFICE

DATED: November 1, 2012          /s/ Joshua A. Ridless
Attorneys for Plaintiff and Counter-Defendants
TELSWITCH, INC., MERKT-WOOLFSON, AARON WOOLFSON and JERRY MERKT

DUANE MORRIS LLP

DATED: November 1, 2012          /s/ Eric J. Sinrod
Attorneys for Defendants and Counter-Claimants
BILLING SOLUTIONS INCORPORATED, SEAN DUNLEA, TIM PORTLEY, DARIO J. SAAL, and SAAL CONSULTING INC.,

IT IS SO ORDERED that the futher CMC is reset from 11/9/12 to 12/14/12 at 10:30 a.m.  An updated joint CMC Statement shall be filed by 12/7/12.

_____
Edward M. Chen
U.S. District Judge

[SEAL: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — IT IS SO ORDERED AS MODIFIED — Judge Edward M. Chen]