Eric J. Sinrod (SBN 122868)
Suzanne R. Fogarty (SBN 154319)
E.J. Kim (SBN 250062)
**DUANE MORRIS LLP**
One Market, Spear Tower, Suite 2200
San Francisco, CA 94105-1104
Telephone: 415.957.3000
Facsimile: 415.957.3001
E-Mail: EJSinrod@DuaneMorris.com
SRFogarty@DuaneMorris.com
EJKim@DuaneMorris.com

Attorneys for Defendants and Counter-Claimants, BILLING SOLUTIONS INCORPORATED, SEAN DUNLEA, TIM PORTLEY, DARIO J. SAAL, and SAAL CONSULTING INC.

Joshua A. Ridless (SBN 195413)
Eugene Y. Kim (SBN 253113)
**Ridless Law Office**
244 California Street, Suite 300
San Francisco, CA 94111
Telephone: 415.614.2600
Facsimile: 415.480.1398
E-Mail: jr@ridlesslaw.com
ekim@ridlesslaw.com

Attorneys for Plaintiff and Counter-Defendants, TELSWITCH, INC., AARON WOOLFSON, JERRY MERKT, and MERKT-WOOLFSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TELSWITCH, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BILLING SOLUTIONS INCORPORATED, an Illinois corporation, SEAN DUNLEA, an individual, TIM PORTLEY, an individual, DARIO J. SAAL, an individual, SAAL CONSULTING INC., a Florida corporation and DOES ONE THROUGH TWENTY, inclusive,<br><br>Defendants.<br><hr>BILLING SOLUTIONS INCORPORATED, an Illinois corporation, SEAN DUNLEA, an individual, and TIM PORTLEY, an individual,<br><br>Counter-claimants,<br><br>v.<br><br>TELSWITCH, INC., MERKT-WOOLFSON, AARON WOOLFSON, JERRY MERKT and ROES 1-50<br><br>Counter-defendants. | Case No. CV 12 0172 EMC<br><br>**DEFENDANTS' REQUEST TO VACATE SETTLEMENT CONFERENCE & PLAINTIFF'S NON-OPPOSITION** ; ORDER (Denied)<br><br>The Honorable Edward M. Chen |

Plaintiff and Counter-Defendant TelSwitch, Inc. ("TelSwitch") and Counter-Defendants Merkt-Woolfson, Aaron Woolfson and Jerry Merkt (collectively, "Plaintiff/Counter-Defendants) and Defendants Billings Solutions, Inc. ("BSI"), Sean Dunlea, Tim Portley, Dario Saal and Saal Consulting (collectively, "Defendants"), and Counter-Claimants BSI, Sean Dunlea, and Tim Portley (collectively, "Counter-Claimants) and collectively with Plaintiff/Counter-Defendants, the ("Parties") hereby submit this joint statement.

## I. DEFENDANTS AND COUNTER-CLAIMANTS' STATEMENT

Defendants/Counter-Claimants respectfully request that the Court vacate the Settlement Conference currently set for February 22, 2013 before Magistrate Westmore.

As the Court will recall, at the January 29, 2013 hearing on Defendants' Motion for Summary Judgment, the Court suggested that the parties might want to participate in a voluntary settlement conference or other form of ADR before the Court rules on the motion. The Court then gave the parties until February 1, 2013 to report back as to whether they wanted to engage in further ADR and if so, what type.

Defendants/Counter-Claimants initially suggested that Magistrate Beeler would be an effective Settlement Conference Judge as she already knows the case, having ruled on Plaintiff's trade secret disclosure issue. Plaintiff /Counter-Defendants rejected Defendants' proposal that Magistrate Beeler act as Settlement Conference Judge. As a compromise, after meet and confer, Defendants/Counter-Claimants agreed to participate in a settlement conference before another Magistrate subject to the condition that only counsel would appear in person at the conference and all parties would appear by phone. This agreement is specifically reflected in the parties' February 1, 2013 joint letter to Judge Chen (Doc. 98 ).

After the case was assigned to Magistrate Westmore, the parties confirmed the agreed procedure that the parties would appear by phone and counsel would appear in person. Subsequently, Plaintiff's counsel informed Defendants/Counter-Claimants that he would now insist that his client be present at the settlement conference while Defendants/Counter-Claimants could appear by phone. Defendants/Counter-Claimants explained that this change is not acceptable, but Plaintiff/Counter-Defendants have remained steadfast.

The reason that the pre-condition that all parties appear by phone is important is that the parties already participated in a full day of JAMS mediation with Judge James Warren (Ret) in November 2012 that was unsuccessful. Defendants/Counter-Claimants incurred a great deal of expense in connection with the preparation for and travel to that mediation from various out of state locations (Illinois, Rhode Island and Florida). While Defendants/Counter-Claimants remain willing to engage in ADR, they do not want have to again incur large travel and legal expense in connection with it. They also want to ensure that both parties are on equal footing and believe that there will be an unfair advantage if Plaintiff is present at the Settlement Conference when they cannot be. Thus, since the necessary pre-condition for further ADR – that the parties participate by phone – has been rejected after-the-fact by Plaintiff/Counter-Defendants, the currently scheduled Settlement Conference should be vacated.

Accordingly, Defendants/Counter-Claimants respectfully request that the Court vacate the February 22, 2013 Settlement Conference and rule on Defendants' pending Motion for Summary Judgment.

## II. PLAINTIFF'S AND COUNTER-DEFENDANTS' STATEMENT

At the January 29, 2013 hearing on Defendants' Motion for Summary Judgment, counsel for Defendants expressed concern about the travel and legal expense that Defendants would incur by engaging in a second ADR attempt. Counsel therefore requested that Defendants be permitted to appear telephonically for further ADR. Plaintiff had no objection to allowing Defendants to appear telephonically. This Court then referred the matter to Judge Westmore for an emergency settlement conference.

Counsel never agreed to barring its own clients from appearing personally at the settlement conference. The issue of Plaintiff's appearance at the settlement conference only arose after the settlement conference was scheduled. Plaintiff had always intended to attend the settlement conference in person, believing face-to-face interaction to be more conducive to settlement discussions and therefore preferable whenever possible. And because Defendants' only stated reason for requesting permission to appear telephonically was to limit Defendants' travel and legal expenses, Plaintiff had no reason to believe that its own plans to appear in person (which, of course,

would have no impact on Defendants' travel and legal expenses) would be in any way objectionable. But when Plaintiff noted its intention to appear at the settlement conference in person, Defendants insisted that the "deal" was that **all** parties would **only** be permitted to appear telephonically (citing concerns about the parties being on equal footing at the settlement conference).

Perhaps this was Defendants' understanding all along, and there was merely a misunderstanding between the Parties (as noted above, the Parties never explicitly discussed Plaintiff's appearance at the settlement conference until after the settlement conference was scheduled). But even if so, Defendants' insistence that Plaintiff be denied the ability to be present at a settlement conference because of a perceived "unfair advantage" in a voluntary ADR proceeding hardly seems indicative of a good-faith desire to discuss settlement.

Plaintiff desires further ADR and welcomed the Court's order that the Parties engage in a settlement conference with Judge Westmore. But Plaintiff recognizes that ADR attempts can only be successful if all parties willingly engage in good faith, and therefore does not oppose Defendants' request to vacate the settlement conference.

RIDLESS LAW OFFICE

DATED: February 6, 2013        /s/ Joshua A. Ridless
Attorneys for Plaintiff and Counter-Defendants,
TELSWITCH, INC., MERKT-WOOLFSON, AARON WOOLFSON and JERRY MERKT

DUANE MORRIS LLP

DATED: February 6, 2013        /s/ Eric J. Sinrod
Attorneys for Defendants and Counter-Claimants,
BILLING SOLUTIONS INCORPORATED, SEAN DUNLEA, TIM PORTLEY, DARIO J. SAAL, and SAAL CONSULTING INC.,

IT IS SO ORDERED that Defendant's request is denied. Parties to contact Judge Westmore to discuss attendance and all other logistical issues.

_____
Edward M. Chen, U.S. District Judge

DENIED
Judge Edward M. Chen